**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 11 1349

MARIE OCHOA, an individual, on behalf
of herself and all persons similarly situated,

                    Plaintiff,

        vs.

EISAI INC.; a Delaware Corporation,

                    Defendant.

CASE NO. _____

**CLASS AND COLLECTIVE ACTION**
**COMPLAINT FOR:**

1.  UNFAIR COMPETITION IN
    VIOLATION OF CAL. BUS. & PROF,
    CODE §§ 17200 *et seq.*;

2.  FAILURE TO PAY OVERTIME
    WAGES IN VIOLATION OF CAL.
    LAB. CODE §§ 510, 1194 & 1198;

3.  FAILURE TO PROVIDE ACCURATE
    ITEMIZED WAGE STATEMENTS IN
    VIOLATION OF CAL. LAB. CODE §
    226; and,

4.  FAILURE TO PAY OVERTIME
    COMPENSATION IN VIOLATION
    OF 29 U.S.C. §§ 201, *et seq.*

**DEMAND FOR A JURY TRIAL**

Plaintiff Marie Ochoa ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

### THE PARTIES

1.     Defendant Eisai Inc., a Delaware corporation, was founded in 1996 and incorporated under the laws of Delaware, with its principal place of business in Woodcliff Lake, New Jersey.   At all relevant times mentioned herein, Eisai Inc. hereinafter also referred to as "EISAI" or "DEFENDANT" conducted and continues to conduct substantial and regular business throughout California.

2.     EISAI is engaged in the research, development, manufacture and sale of pharmaceutical products in the United States.   The company offers clinical research, formulation research, and clinical supply manufacturing and pharmaceutical production services.   EISAI also provides products in various therapeutic areas, such as neurology, gastrointestinal disorders and oncology/critical care.   EISAI distributes its healthcare products and solutions through hospitals, pharmacies, government agencies, and wholesale and retail, drug, food chain, and mass merchandiser outlets.   The marketing function at EISAI is responsible in relevant part, for promoting EISAI's products and ensuring that the products are marketed according to specified EISAI standards.

3.     To increase profitability, EISAI reduced labor costs which consequently placed the burden on a smaller number of employees to "get the job done."   An employer's obligation to pay employees wages is more than a matter of private concern between the parties.   This obligation is founded on a compelling public policy judgment that employees are entitled to work a livable number of hours at a livable wage.   In addition, statutes and regulations that compel employers to pay overtime relate to fundamental issues of social welfare worthy of protection.   The requirement to pay overtime wages extends beyond the benefits individual workers receive because overtime

wages discourage employers from concentrating work in a few overburdened hands and encourage employers to instead hire additional employees.   Especially in today's economic climate, the importance of spreading available work to reduce unemployment cannot be overestimated.

4.     As part of EISAI's business, DEFENDANT employs individuals whose primary job duty is promoting DEFENDANT's pharmaceutical healthcare products. These employees distribute free samples of DEFENDANT's products to physicians and encourage physicians to prescribe DEFENDANT's products to patients in order to stimulate the sales of these products. These employees have the job titles of "Medical Sales Representative," "Medical Sales Specialist," "Senior Medical Sales Specialist" and "Hospital Medical Sales Specialist."  Collectively, all employees in these positions, and who perform this job duty are referred to herein as "Sales Representatives."  This Action is brought on behalf of the PLAINTIFF and all those employees of DEFENDANT in California who worked for DEFENDANT as a Sales Representative during the CLASS PERIOD ("CLASS" or "Class Members").

5.     Plaintiff Marie Ochoa ("PLAINTIFF") was employed by DEFENDANT in California as a "Hospital Medical Sales Specialist" and as a "Senior Medical Sales Specialist" from June 2002 to January 2011.

6.     The positions of "Hospital Medical Sales Specialist" and "Senior Medical Sales Specialist" were represented by DEFENDANT to the PLAINTIFF and the other Sales Representatives as an exempt and a salaried position.

7.     For DEFENDANT's business, the Class Members functioned as working members on DEFENDANT's marketing and sales staff.  As defined by DEFENDANT's comprehensive corporate policies, practices and procedures, the primary job duty of the Class Members employed by EISAI was and is promoting DEFENDANT's pharmaceutical healthcare products in accordance with DEFENDANT's established specific protocols and procedures which govern and control every aspect of the work performed by the Sales Representatives.   These standardized procedures mirror the

realities of the workplace evidencing a uniformity of work among the Sales Representatives and negate any exercise of discretion and independent judgment as to any matter of significance and any customary and regular engagement in sales-related activity.

8.     The work schedule for the Class Members was set by DEFENDANT. Generally, the Class Members work ten (10) to twelve (12) hours each workday and ten (10) to twenty (20) hours of overtime each workweek.

9.     DEFENDANT has not established an alternative workweek election for the Class Members for ten (10) to twelve (12) hour workdays.

10.     PLAINTIFF and the other Sales Representatives were not provided with overtime compensation and other benefits required by law as a result of being classified as "exempt" by DEFENDANT.

11.     PLAINTIFF brings this Class Action on behalf of herself and a California Class consisting of all individuals who are or previously were employed by Defendant Eisai Inc. promoting pharmaceutical healthcare products in California during the period beginning on the date four (4) years before the filing of this Action and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

12.     As a matter of company policy, practice and procedure, DEFENDANT has unlawfully, unfairly and/or deceptively classified every Sales Representative as exempt based on job title alone, failed to pay the required overtime compensation and otherwise failed to comply with all applicable labor laws with respect to these Sales Representatives.

13.     The agents, servants and/or employee of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to the

PLAINTIFF and the other Class Members, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

14. The primary job duty required of the Sales Representatives is promoting DEFENDANT's pharmaceutical healthcare products to physicians in order to stimulate the sales of these products in accordance with established protocol and performing tasks as directed or assigned by DEFENDANT. The primary job duty of the Sales Representatives is a non-exempt task.

15. PLAINTIFF and the other Sales Representatives performed non-exempt labor described herein in accordance with DEFENDANT's uniform corporate policies, protocols and procedures. In accordance with these uniform corporate policies, protocols and procedures, DEFENDANT instituted a blanket classification policy, practice and procedure by which all of the Class Members were classified as exempt from overtime compensation, meal breaks and rest breaks. By reason of this uniform exemption policy, practice and procedure applicable to the PLAINTIFF and the other Class Members who performed this non-exempt labor, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to properly classify the PLAINTIFF and the other Class Members and thereby failed to pay them overtime wages for documented overtime hours worked and provide them with meal and rest breaks. The proper classification of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged. In addition, DEFENDANT failed to provide all of the legally required meal and rest breaks to the PLAINTIFF and the other Class Members as required by the applicable Wage Order and

Labor Code.  DEFENDANT did not have a policy or practice which provided meal and/or rest breaks to the PLAINTIFF and the other Class Members.  As a result, DEFENDANT's failure to provide the PLAINTIFF and the CALIFORNIA CLASS with all the legally required meal and rest breaks is evidenced by DEFENDANT's business records which contain no record of these breaks.

16.   DEFENDANT, as a matter of law, has the burden of proving that (a) employees are properly classified as exempt and that (b) DEFEDNANT otherwise complies with applicable laws.  Other than the initial classification of the PLAINTIFF and the other Class Members as exempt from being paid overtime compensation based on job title alone, DEFENDANT had no business policy, practice or procedure to ensure that the PLAINTIFF and the other Class Members were properly classified as exempt, and in fact, as a matter of corporate policy erroneously and unilaterally classified all the Class Members as exempt based on job title alone.

17.   During their employment with DEFENDANT, the PLAINTIFF and the Class Members, primarily performed non-exempt job duties, but were nevertheless classified by DEFENDANT as exempt from overtime pay and worked more than eight (8) hours a day, forty (40) hours a week and/or on the seventh (7th) consecutive day of a workweek.

18.   PLAINTIFF and the other Class Members employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to the making of sales, management or general business operation of the employer's customers, when giving these words a fair but narrow construction.  PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in a work of a type that was or now is performed for the purpose of obtaining orders or contracts for products for DEFENDANT.  PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed more than half the time actually selling, including sales-related activities. PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of policy or

management of DEFENDANT. PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, but rather their work primarily involves the performance of routine mental, manual and/or physical processes. PLAINTIFF and the other Class Members employed by DEFENDANT were also not primarily engaged in work that is predominantly intellectual and varied in character, but rather is routine mental, manual, mechanical and/or physical work that is of such character that the output produced or the result accomplished can be standardized in relation to a given period of time. The work of a Sales Representative of DEFENDANT was work wherein the PLAINTIFF and the members of the CALIFORNIA CLASS were primarily engaged in the day-to-day operations of promoting DEFENDANT's pharmaceutical healthcare products in strict accordance with uniform protocols, policies and operations established by DEFENDANT.

19. The primary job duty of the PLAINTIFF and other Sales Representatives employed by DEFENDANT was and is promoting DEFENDANT's pharmaceutical healthcare products for DEFENDANT's benefit. As a result, the PLAINTIFF and the other Sales Representatives employed by DEFENDANT were primarily engaged in work that falls outside the scope of the "outside salesperson" exemption and should have been properly classified as non-exempt employees.

20. PLAINTIFF and all members of the CALIFORNIA CLASS are and were uniformly classified and treated by DEFENDANT as exempt at the time of hire and thereafter, DEFENDANT failed to take the proper steps to determine whether the PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under the applicable Industrial Welfare Commission Wage Order (Wage Order 1-2001 and/or Wage Order 4-2001) and Cal. Lab. Code §§ 510, *et seq.* as exempt from applicable California labor laws. Since DEFENDANT affirmatively and willfully misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS in

compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law. In addition, DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF and each member of the CALIFORNIA CLASS that they were exempt from overtime pay when DEFENDANT knew or should have known that this statement was false and not based on known facts. DEFENDANT also acted unfairly by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL. In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in accordance with California law.

21. DEFENDANT also failed to provide and still fails to provide the PLAINTIFF and the Class Members with a wage statement in writing that accurately sets forth gross wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the PLAINTIFF and the Class Members. This conduct violated Cal. Lab. Code § 226. The pay stub also does not accurately display anywhere the PLAINTIFF's and the other Class Members' overtime hours and applicable rates of overtime pay for the pay period.

22. By reason of this uniform conduct applicable to the PLAINTIFF and all the CALIFORNIA CLASS members, DEFEDNANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy, practice and procedure which failed to correctly classify the PLAINTIFF and the CALIFORNIA CLASS of Sales Representatives as non-exempt. The proper classification of these employees is DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to pay all required overtime compensation for work performed by the CALIFORNIA CLASS members and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

## THE UCL REMEDIES

23. As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf of herself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF and the CALIFORNIA CLASS. PLAINTIFF also seeks all other relief available to her and the other Class Members located in California under California law. PLAINTIFF also seeks declaratory relief finding that the employment policies, practices and procedures of DEFENDANT violate California law.

## THE CALIFORNIA CLASS

24. PLAINTIFF brings the First Cause of Action for Unlawful, Unfair and Deceptive Business Practices pursuant to Cal. Bus. & Prof Code §§ 17200 *et seq.* (the "UCL") as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California Class, defined as all individuals who are or previously were employed by Defendant Eisai Inc. as a Sales Representative as hereinabove defined in California (the "CALIFORNIA CLASS") during the period beginning on the date four (4) years before the filing of this Action and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

25. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

26. DEFENDANT, as a matter of corporate, policy, practice and procedure, and in violation of the applicable California Labor Code, Industrial Welfare Commission ("IWC") Wage Order Requirements, and the applicable provisions of California law, intentionally, knowingly and willfully engaged in a practice whereby DEFENDANT unlawfully, unfairly and deceptively instituted a practice to ensure that the employees

employed in a Sales Representative position were not properly classified as non-exempt from the requirements of California Labor Code §§ 510, *et seq.*

27.    DEFENDANT has the burden of proof that each and every employee is properly classified as exempt from the requirements of Cal. Lab. Code §§ 510, *et seq.* DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice that misclassifies the CALIFORNIA CLASS members as exempt. DEFENDANT's uniform policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and currently in place is to systematically classify each and every CALIFORNIA CLASS member as exempt from the requirements of California Labor Code §§ 510, *et seq.* This common business practice applicable to each and every CALIFORNIA CLASS member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Bus. & Prof. Code § 17200 (the "UCL") as causation, damages, and reliance are not elements of this claim.

28.    At no time before, during or after the PLAINTIFF's employment with DEFENDANT was any Class Member reclassified as a non-exempt employee from the applicable requirements of Cal. Lab. Code §§ 510, *et seq.* after CALIFORNIA CLASS member was initially, uniformly and systematically classified as exempt upon being hired.

29.    Any individual declarations of any employees offered at this time purporting to indicate that one or more Sales Representative may have been properly classified is of no force or affect absent contemporaneous evidence that DEFENDANT's uniform system did not misclassify the PLAINTIFF and the other Sales Representatives as exempt pursuant to Cal. Lab. Code §§ 510, *et seq.* Absent proof of such a contemporaneous system, DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a class-wide basis. As a result of the UCL violations, the PLAINTIFF and the CALIFORNIA CLASS members are entitled to compel DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains

into a fluid fund in order to restitute these funds to the PLAINTIFF and the CALIFORNIA CLASS members according to proof.

30. The CALIFORNIA CLASS is so numerous that joinder of all members is impracticable.

31. During the CALIFORNIA CLASS PERIOD, EISAI uniformly violated the rights of the PLAINTIFF and the CALIFORNIA CLASS members under California law, without limitation, in the following manners:

(a) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified the PLAINTIFF and the CALIFORNIA CLASS members as exempt;

(b) Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by the PLAINTIFF and the CALIFORNIA CLASS members performing non-exempt labor;

(c) Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly and/or deceptively failing to have in place a company policy, practice and procedure that reclassified as non-exempt those members of the CALIFORNIA CLASS whose actual job duties are primarily comprised of non-exempt job functions;

(d) Violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to the PLAINTIFF and the CALIFORNIA CLASS members who were improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT;

(e)   Committing an act of unfair competition in violation of the UCL, by failing to provide all legally required meal and/or rest breaks to the PLAINTIFF and the Class Members;

(f)   Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code § 226.7 by failing to pay all accrued and unused vacation hours to the PLAINTIFF and the CALIFORNIA CLASS members upon their termination date;

(g)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the Class Members who have terminated their employment;

(h)   Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the CALIFORNIA CLASS members with an accurate itemized statement in writing showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and all the corresponding number of hours worked at each hourly rate by the employee; and,

(i)   Violating 29 U.S.C. §§ 201, *et seq.* of the Fair Labor Standards Act ("FLSA"), by failing to pay the correct overtime wages to the PLAINTIFF and the CALIFORNIA CLASS members who were improperly classified as exempt as legally required by the FLSA, and retaining the unpaid overtime to the benefit of DEFENDANT.

32.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every CALIFORNIA CLASS member;

(c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all CALIFORNIA CLASS members, was classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT's systematic policy, practice and procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the CALIFORNIA CLASS members are and were similarly or identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS members that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d)   The representative PLAINTFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced in

Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the CALIFORNIA CLASS members that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

33. In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

    (a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

        (i)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

        (ii)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

    (b)    The parties opposing the CALIFORNIA CLASS have acted on grounds generally applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT

uniformly classified and treated all the CALIFORNIA CLASS members as exempt and, thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA CLASS members were properly classified as exempt, and thereby denied these employees overtime wages as required by law.

    (i)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not related exclusively to restitution because through this claim the PLAINIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition.

(c)    Common questions of law and fact exist as to members of the CALIFORNIA CLASS with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    (i)    The interest of the CALIFORNIA CLASS members in individually controlling the prosecution or defense of separate actions;

    (ii)    The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

(iii)   In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative;

(iv)   The desirability or undesirability of concentration the litigation of the claims in the particular forum;

(v)   The difficulties likely to be encountered in the management of a Class Action; and,

(vi)   The basis of DEFENDNAT's policies and practices uniformly applied to all CALIFORNIA CLASS members.

34.   The Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)   The CALIFORNIA CLASS members are so numerous that it is impractical to bring all of them before the Court;

(d)   PLAINTIFF, and the CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA CLASS members for any injuries sustained;

(g)    DEFENDANT has acted or has refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The CALIFORNIA CLASS members are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's Class Members employed in California during the CALIFORNIA CLASS PERIOD; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of DEFENDANT's conduct as to the CALIFORNIA CLASS members.

35.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies, practices and procedures as herein alleged. PLAINTIFF will seek leave to

amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

36.   PLAINTIFF further brings the Second and Third Causes of Action on behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were employed by Defendant Eisai Inc. during the period beginning of the date three (3) years prior to the filing of the action and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD"), who performed work in excess of eight (8) hours in a day and/or forty (40) hours in a week and/or on the seventh (7th) consecutive day of a workweek and did not receive overtime compensation (the "CALIFORNIA LABOR SUB-CLASS") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

37.   DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order Requirements, intentionally, knowingly, willfully and systematically misclassified the PLAINTIFF and all members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS as exempt from overtime wages and other labor laws based on DEFENDANT's comprehensive policies and procedures in order to avoid the payment of overtime wages by misclassifying their positions as exempt from overtime wages and other labor laws.

38.   To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.   DEFENDANT has intentionally and deliberately created a multi-tiered management structure with numerous levels.  The job levels and job titles such as "Medical Sales Representative," "Medical Sales Specialist," "Senior Medical Sales Specialist" and "Hospital Medical Sales Specialist" were distributed in order to create the

superficial appearance of a number of unique jobs, when in fact, these jobs are substantially similar and can be easily grouped together for the purpose of determining whether they were all misclassified. One of DEFENDANT's purposes in creating and maintaining this multi-level job classification scheme is to create an artificial barrier to discovery and class certification for all employees similarly misclassified as exempt. DEFENDANT has uniformly misclassified all of the CALIFORNIA LABOR SUB-CLASS members as exempt and denied them overtime wages and other benefits to which non-exempt employees are entitled in order to unfairly cheat the competition and unlawfully profit.

40.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who, as CALIFORNIA LABOR SUB-CLASS members, have been systematically, intentionally and uniformly misclassified as exempt by DEFENDANT as a matter of corporate policy, practice and procedure. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

41.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all members is impracticable.

42.    Common questions of law and fact exist as to CALIFORNIA LABOR SUB-CLASS members, including, but not limited, to the following:

>    (a)    Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

>    (b)    Whether DEFENDANT unlawfully failed to accurately pay overtime compensation to the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

>    (c)    Whether the CALIFORNIA LABOR SUB-CLASS members are non-exempt employees entitled to overtime compensation for

overtime hours worked under the overtime pay requirements of
California law;

(d) Whether DEFENDANT's policy, practice and procedure of
classifying the CALIFORNIA LABOR SUB-CLASS members as
exempt from overtime compensation and failing to pay them
overtime violate applicable provisions of California law;

(e) Whether DEFENDANT unlawfully failed to keep and furnish the
CALIFORNIA LABOR SUB-CLASS members with accurate
records of overtime hours worked;

(f) Whether DEFENDANT unlawfully failed to pay the CALIFORNIA
LABOR SUB-CLASS members all unused and accrued vacation
hours upon their termination date;

(g) Whether DEFENDANT's policy and practice of failing to pay the
CALIFORNIA LABOR SUB-CLASS members all wages when due
within the time required by law after their employment ended
violates California law;

(h) The proper measure of damages and penalties owed to the members
of the CALIFORNIA LABOR SUB-CLASS;

(i) Whether DEFENDANT has engaged in unfair competition by the
above-listed conduct; and,

(j) Whether DEFENDANT's conduct was willful.

43. DEFENDANT, as a matter of corporate policy, practice and procedure,
erroneously classified all the Sales Representatives as exempt from overtime wages and
other labor laws. All the Sales Representatives, including the PLAINTIFF, performed
the same primary functions and were paid by DEFENDANT according to uniform and
systematic company procedures, which, as alleged hereinabove, failed to correctly pay
overtime compensation. This business practice was uniformly applied to each and every

member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

44. DEFENDANT uniformly violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law, without limitation, in the following manners:

(a) Violating Cal. Lab. Code §§ 510, *et seq*., by misclassifying and thereby failing to pay the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members the correct overtime pay for a workday longer than eight (8) hours, a workweek longer than forty (40) hours and/or all hours worked on the seventh (7th) consecutive day of a workweek for which DEFENDANT is liable pursuant to Cal. Lab Code § 1194;

(b) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the CALIFORNIA LABOR SUB-CLASS members who have terminated their employment; and,

(c) Violating Cal. Lab. Code § 226, by failing to provide the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with an accurate itemized statement in writing showing gross wages earned, net wages earned, all applicable hourly rates in effect during the pay period and all the corresponding number of hours worked at each hourly rate by the employee.

45. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all such persons is

impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every CALIFORNIA LABOR SUB-CLASS member;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all CALIFORNIA LABOR SUB-CLASS members, was classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT's systematic policy, practice and procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members are and were similarly or identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged in by DEFENDANT by deceptively telling all the CALIFORNIA LABOR SUB-CLASS members that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt; and,

(d) The representative PLAINTFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who is competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the CALIFORNIA LABOR

SUB-CLASS members that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all employees in the CALIFORNIA LABOR SUB-CLASS.

46.   In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

(i)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; and/or,

(ii)   Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly classified and treated all the CALIFORNIA LABOR SUB-CLASS members as exempt and,

thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA LABOR SUB-CLASS members were properly classified as exempt, and thereby denied these employees overtime wages as required by law.

(c)   Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(i)   The interest of the CALIFORNIA LABOR SUB-CLASS members in individually controlling the prosecution or defense of separate actions;

(ii)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA LABOR SUB-CLASS;

(iii)   In the context of wage litigation because as a practical matter a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative;

(iv)   The desirability or undesirability of concentration the litigation of the claims in the particular forum;

(v)   The difficulties likely to be encountered in the management of a Class Action; and,

(vi)  The basis of DEFENDNAT's policies and practices uniformly applied to all CALIFORNIA LABOR SUB-CLASS members.

47.   The Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS;

(c)   The CALIFORNIA LABOR SUB-CLASS members are so numerous that it is impractical to bring all of them before the Court;

(d)   PLAINTIFF, and the CALIFORNIA LABOR SUB-CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANT are sufficient to

adequately compensate the CALIFORNIA LABOR SUB-CLASS members for any injuries sustained;

(g) DEFENDANT has acted or has refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The CALIFORNIA LABOR SUB-CLASS members are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all DEFENDANT's Class Members who worked overtime hours and who were not paid overtime; and,

(i) Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of DEFENDANT's conduct as to the CALIFORNIA LABOR SUB-CLASS members.

## JURISDICTION AND VENUE

48. This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

49. Further, with respect to the state law class claims, these state law class claims are brought as a Class Action pursuant to Fed. R. Civ. Proc., Rule 23 on behalf of a class that exceeds 100 persons, that involves more than $5,000,000 in controversy and where the citizenship of at least one member of the class is diverse from that of DEFENDANT. As a result, this Court also has original jurisdiction over the state law class claims under 28 U.S.C. § 1332 (CAFA Jurisdiction).

50. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i) DEFENDANT is subject to personal jurisdiction in this District and therefore resides in

this District; (ii) DEFENDANT currently maintain offices and at all relevant times maintained offices and facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct herein alleged in this District against members of the CALIFORNIA CLASS.

## FIRST CAUSE OF ACTION
### For Unlawful, Unfair and Deceptive Business Practices
### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]
### (By PLAINTIFF and the CLASS and against All Defendants)

51.   PLAINTIFF and the CALIFORNIA CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 50 of this Complaint.

52.   DEFENDANT is a "persons" as that term is defined under Cal. Bus. & Prof. Code § 17021.

53.   Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice.  Section 17200 applies to violations of labor laws in the employment context.  Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

54.   By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to

Wage Order 1-2001 and/or Wage Order 4-2001, the California Labor Code including Sections 201, 202, 203, 204, 226.7, 510, 1194 & 1198, the regulations of the Department of Labor and the opinions of the Department of Labor Standards Enforcement, for which this Court should issue declaratory and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

55.   By the conduct alleged herein, DEFENDANT's practices were unfair in that these practices violate public policy, are immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and are without valid justification or utility, for which this Court should issue equitable and injunctive relief, pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

56.   By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform misclassification practice was to represent to the CALIFORNIA CLASS members that they were not entitled to overtime compensation and other benefits as required by California law, when in fact these representations were false and likely to deceive, for which this Court should issue equitable and injunctive relief, pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

57.   By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies and practices failed to pay all unused and accrued vacation hours to the PLAINTIFF and the CALIFORNIA CLASS members upon their termination date.

58.   By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies and practices failed to provide mandatory meal and/or rest breaks to the PLAINTIFF and the CALIFORNIA CLASS members.

59.   Therefore, the PLAINTIFF demands on behalf of herself and on behalf of each member of the CLASS, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was timely provided for each ten (10) hours of work.

60.   PLAINTIFF further demands on behalf of herself and each member of the CLASS, one (1) hour of pay for each workday in which a rest period was timely provided as required by law.

61.   By and through the unfair and unlawful business practices described herein, DEFENDANT has obtained valuable property, money and services from the PLAINTIFF and the CALIFORNIA CLASS members, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of the employees and all to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

62.   All the acts described herein as violations of, among other things, the California Labor Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, are unlawful, are in violation of public policy, are immoral, unethical, oppressive, unscrupulous and are deceptive and likely to deceive employees, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

63.   PLAINTIFF and the CALIFORNIA CLASS members are entitled to, and do, seek such relief as may be necessary to restore to them the property and money which DEFENDANT has acquired, or of which the PLAINTIFF, and the CALIFORNIA CLASS members, have been deprived, by means of the described unlawful and unfair business practices.

64.   PLAINTIFF and the CALIFORNIA CLASS members are further entitled to, and do, seek a declaration that the described business practices are unlawful and unfair

and that an injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

65.   PLAINTIFF and the CALIFORNIA CLASS members have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, the PLAINTIFF, and the CALIFORNIA CLASS members, have suffered and will continue to suffer irreparable harm unless DEFEDNANT is restrained from continuing to engage in these unfair and unlawful business practices.

## SECOND CAUSE OF ACTION
### For Failure to Pay Overtime Compensation
### [Cal. Lab. Code §§ 510, 1194 & 1198]
### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)

66.   PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 65 of this Complaint.

67.   PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to correctly classify the CALIFORNIA LABOR SUB-CLASS members as exempt and therefore compensate them for all the hours they worked, including overtime hours.

68.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.  Cal. Lab. Code §§ 201 and 202 require DEFENDANT to pay all wages due to an employee whose employment has terminated.

69.   Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and forty (40) hours per workweek

unless they receive additional compensation beyond their regular wages in amounts specified by law.

70.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit.  Cal. Lab. Code § 1194 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

71.    DEFENDANT has intentionally and uniformly designated certain employees as "exempt" employees by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members who worked on the production side of DEFENDANT's business.  This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the California Labor Code and Industrial Welfare Commission requirements.

72.    For an employee to be exempt as a bona fide "outside salesperson," all the following criteria must be met and DEFENDANT has the burden of proving that:

    (a)  The employee's primary job duty must be making sales as defined to include any sale, exchange, contract to sell, consignment sale, shipment for sale, or other disposition; or,

    (b)  The employee must obtain orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and,

    (c)  The employee must customarily and regularly spend more than half the work time away from the employer's place of business engaged in sales-related activity; and,

    (d)  The employee must be primarily engaged in job duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an outside salesperson because they all fail to meet the requirements of being an "outside salesperson" within the meaning of the applicable Wage Order.

73.   For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee's primary job duty must be management of the enterprise, or of a customarily recognized department or subdivision therein; and,

(b)   The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)   The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)   The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)   The employee must be primarily engaged in job duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

74.   For an employee to be exempt as a bona fide "administrator," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee must perform office or non-manual work directly related to management policies or the general business operation of the employer; and,

(b)   The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)   The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d)   The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

    (e)   The employee must execute special assignments and tasks under only general supervision; and,

    (f)   The employee must be primarily engaged in job duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

75.   The Industrial Welfare Commission, in Wage Order 1-2001 and 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category. For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

    (a)   The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession. For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

        1.   Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2.  Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee, or work that is an essential part of or incident to any of the above work; and,

3.  Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)  The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)  The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

76.  PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members do not fit the definition of an exempt outside salesperson, executive, administrative or professional employee because (i) they did not work as outside salespeople, executives or administrators and (ii) the professional exemption does not apply to the PLAINTIFF nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they all did not meet all applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

77.  During the CLASS PERIOD, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members worked more than eight (8) hours in a workday, forty (40) hours in a workweek and/or on the seventh (7th) consecutive day of a workweek.

78.  At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members overtime compensation for the hours

they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members were regularly required to work, and did in fact work, overtime hours that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by employees.

79.   By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF and the Class Members for overtime hours worked, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which we be ascertained according to proof at trial.

80.   DEFENDANT knew or should have known that the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

81.   PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members therefore request recovery of overtime compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT in a sum as provided by the California Labor Code and/or other statutes.  To the extent overtime compensation is determined to be owed to CALIFORNIA LABOR SUB-CLASS members who have terminated their employment, these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein. Further, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members are entitled to seek and recover statutory costs.

82.   In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively and maliciously toward the PLAINTIFF and toward the CALIFORNIA LABOR SUB-CLASS members with a conscious and utter

disregard of their legal rights, or their consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate benefits at the expense of the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Wage Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)

83.   PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 82 of this Complaint.

84.   Cal. Lab. Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1)   Gross wages earned;

(2)   Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

(3)   The number of piecerate units earned and any applicable rate if the employee is paid on a piece-rate basis;

(4)   All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;

(5)   Net wages earned;

(6)   The inclusive dates of the period for which the employee is paid;

(7)   The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number may be shown on the itemized statement;

(8)   The name and address of the legal entity that is the employer; and,

(9)   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

85.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members at the effective regular rates of pay and the effective overtime rates of pay.

86.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing damages to the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members.  These damages include, but are not limited, to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, the PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members may elect to recover liquidated damages of fifty ($50.00) for the initial pay period in which the violation occurred and one hundred ($100.00) for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand ($4,000.00) for the PLAINTIFF and each respective member of the CLASS herein), plus statutory costs pursuant to Cal. Lab. Code § 226(g).

## FOURTH CAUSE OF ACTION
### For Failure to Pay Overtime Compensation
### [Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*]
### (By PLAINTIFF and the COLLECTIVE CLASS and against All Defendants)

87.   PLAINTIFF and the COLLECTIVE CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 86 of this Complaint.

88.   DEFENDANT is engaged in communication, business and transmission between the states, and is, therefore engaged in commerce within the meaning of 29 U.S.C. § 203(b).

89.   PLAINTIFF further brings the Fourth Cause of Action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 which consists of all the Class Members employed in California by DEFENDANT during the period beginning three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "COLLECTIVE CLASS PERIOD"), and who performed work in excess of forty (40) hours in a workweek (the "COLLECTIVE CLASS").

90.   29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

91.   29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such an employee receives compensation for his employment in excess of the hours specified at a rate less than one and one-half times the regular rate at which he is employed.

92.   29 U.S.C. § 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> Any employee employed in a bona fide executive, administrative or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure [5 §§ 551 *et seq.*] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities.

93.   DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to

DEFENDANT's realistic expectations and overall requirements of the job, including the PLAINTIFF and the COLLECTIVE CLASS members who worked on the production side of DEFENDANT's business enterprise. This was done in an illegal attempt to avoid the payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

94.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the PLAINTIFF and the COLLECTIVE CLASS members are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

95.    29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

96.    The exemptions of the FLSA as listed in § 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the COLLECTIVE CLASS members because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. COLLECTIVE CLASS members do not hold an advanced degree, have not taken any prolonged course of specialization and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

97.    For an employee to be exempt as a bona fide "outside salesperson," all the following criteria must be met and DEFENDANT has the burden of proving that:

     (a)  The employee's primary job duty must be making sales as defined to include any sale, exchange, contract to sell, consignment sale, shipment for sale, or other disposition; or,

     (b)  The employee must obtain orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and,

     (c)  The employee must customarily and regularly spend more than half the work time away from the employer's place of business engaged in sales-related activity; and,

     (d)  The employee must be primarily engaged in job duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an outside salesperson because they all fail to meet the requirements of being an "outside salesperson" within the meaning of § 13 of the FLSA and 29 C.F.R. 541.100.

98.   For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

     (a)  The employee's primary job duty must be management of the enterprise, or of a customarily recognized department or subdivision therein; and,

     (b)  The employee  must customarily and regularly direct the work of at least two (2) or more other employees; and,

     (c)  The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

     (d)  The employee must customarily and regularly exercise discretion and independent judgment; and,

     (e)  The employee must be primarily engaged in job duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of § 13 of the FLSA and 29 C.F.R. 541.100.

99.   For an employee to be exempt as a bona fide "administrator," all the following criteria must be met and DEFENDANT has the burden of proving that:

    (a)  The employee must perform office or non-manual work directly related to management policies or the general business operation of the employer; and,

    (b)  The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)  The employee must regularly and directly assist a proprietor or an exempt administrator; or,

    (d)  The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

    (e)  The employee must execute special assignments and tasks under only general supervision; and,

    (f)  The employee must be primarily engaged in job duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" within the meaning of § 13 of the FLSA and 29 C.F.R. 541.300.

100.   For an employee to be exempt as a bona fide "professional," DEFENDANT has the burden of proving that the primary duty of the employee is the performance of work that:

    (a)  Requires knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or,

(b)  Requires invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet the requirements for being a "professional" within the meaning of § 13 of the FLSA and 29 C.F.R. 541.300.

101.  During the COLLECTIVE CLASS PERIOD, the PLAINTIFF and the COLLECTIVE CLASS members worked more than forty (40) hours in a workweek.

102.  At all relevant times, DEFENDANT failed to pay the PLAINTIFF and the COLLECTIVE CLASS members overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by § 207 of the FLSA, even though the PLAINTIFF and the COLLECTIVE CLASS members were regularly required to work, and did in fact work, overtime hours.

103.  For purposes of the FLSA, the employment practices of DEFENDANT were and are uniform throughout California in all respects material to the claims asserted in this Complaint.

104.  There are no other exemptions applicable to the PLAINTIFF and/or to the COLLECTIVE CLASS members.

105.  As a result of DEFENDANT's failure to pay overtime compensation for overtime hours worked as required by the FLSA, the PLAINTIFF and the COLLECTIVE CLASS members were damaged in an amount to be proven at trial.

106.  PLAINTIFF therefore demands that she and the COLLECTIVE CLASS members be paid overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which they were not compensated, plus interest and statutory costs as provided by law.

## **PRAYER**

WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

    A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein; and,

    C) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to the PLAINTIFF and the CALIFORNIA CLASS members.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A) That the Court certify the Second and Third Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B) Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due PLAINTIF and the other members of the CALIFORNIA LABOR SUB-CLASS during the applicable CALIFORNIA CLASS PERIODS, plus interest thereon at the statutory rate;

    C) Penalties payable to all terminated employees in the CALIFORNIA LABOR SUB-CLASS in accordance with Cal. Lab. Code § 203;

    D) The greater of all actual damages or fifty ($50.00) for the initial pay period in which a violation occurs and one hundred ($100.00) for each violation in subsequent pay periods, in an amount according to proof at the time of trial (but in no event more than four thousand ($4,000.00) for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein), plus statutory costs pursuant to Cal. Lab. Code § 226(g).

3. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Fourth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in Class Action pursuant to 29 U.S.C. § 216(b);

B) A declaratory finding that DEFENDANT's acts, policies, practices and procedures alleged herein violated provisions of the Fair Labor Standards Act; and,

C) That the PLAINITFF and the COLLECTIVE CLASS members recover compensatory damages and an equal amount of liquidated damages as provided by the law and under 29 U.S.C. § 216(b).

4. On all causes of action:

A) An award of interest, including prejudgment interest at the legal rate;

B) An award of penalties and cost of suit, but neither his prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

C) Such other and further relief as the Court deems just and equitable.

Dated:   March 18, 2011                    BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
           NORMAN B. BLUMENTHAL
           ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   March 18, 2011                    BLUMENTHAL, NORDREHAUG & BHOWMIK

By: _____
                    NORMAN B. BLUMENTHAL
                    ATTORNEYS FOR PLAINTIFF